Mr. Bellin, whenever you're ready. Thank you, Your Honor. Good morning, Your Honors. My name is Eitan Bellin, and I'm here with my co-counsel, Roger Furman, and we represent the appellant, Craig Cunningham. Your Honors, the district court's ruling that a federal agency bureaucrat can, by contractual fiat, authorize a private corporation to violate a federal law and immunize that private corporation from the consequences of violating that federal law, which was passed by the Houses of Congress and signed by the President, is not only completely inconsistent with over 200 years of Supreme Court precedent, but it also is totally incompatible with the separation of powers mandated by the United States Constitution. Your Honors, as far back as 200 years ago in the case of Little v. Bereen, the Supreme Court ruled that even the President of the United States cannot authorize a person to violate federal law. And in the recently decided case, Your Honor, Judge Floyd wrote that the fact that the President, let alone a significantly inferior executive officer, opines that certain conduct is lawful does not determine the actual lawfulness of the conduct. The determination of specific violations of law is constitutionally committed to the courts. Do you think the delegation itself is a violation, or that the delegation itself is a violation of the law? I think in general, if the agent... Is the delegation itself, per se, a violation of the law, or is it the way the agent carried out the delegated duty? If the delegation is interpreted as telling the agent to act in a way contrary to federal law, then the delegation itself is illegal, and the actions by the... Wait one second, let me ask this. Can you have delegation to a non-government employee to do a government action? Is that legal? Yes, it is, Your Honor. You can definitely do that. What is not legal is for a federal administrative agency contracting officer to direct a private contractor that is working for the government to violate federal law. Separation of powers mandates that an executive officer, especially a contracting officer, Your Honor, express violation or a failure to instruct and carry out the law. In other words, which is illegal? And I think you would probably say that if the contracting officer, by the way, when I said an agency, agencies don't do it other than by contracting officers, I don't think. Yes, Your Honor. But if the agency expressly says, do this and do it, we don't care, do it in a way that violates statute X, you say that's illegal? Completely illegal. What if the delegation is done without an express provision to be sure you follow every law? Well, if there's no express provision to follow every law, then the contractor has to follow federal law. I mean, that's the base position. The only way, the defense is arguing that, well, we were authorized to violate federal law and therefore we can violate federal law. Well, I don't think they're necessarily saying that. What I don't find in the record, I think would resound to say, I'm satisfied that a federal agency sent out a questionnaire and they checked the box and they also checked the box consent to call. I don't know why that's not in there. Because where did they get the 680,000 numbers other than from some procedure like that? Well, Your Honor, the reason it's not in there is because the trial judge limited the discovery just to the discovery on the consent issue. So they're putting that in here, but we were never permitted to do any discovery on whatever proof they claim they have that my client or anybody else consented. But that issue is really not before you. Our position is, though, that even that check box, again, this is a jurisdictional question, Rob, before Your Honor's on it. But even that check box doesn't satisfy, even assuming my client checked it, which we're not going to admit at this point, but that check box does not satisfy the requirements of the TCPA as interpreted by the FCC. Because the FCC has specifically ruled that in order to get consent to get a robo-call advertising a product, you must give, you must tell the person when you're asking for the consent that you're asking for consent for robo-calling to do advertisements. But the contract between and to get consent would have been outside their contractual authority, wouldn't it? No, it wouldn't be outside their contractual authority. A private contractor is required to abide by federal law. It doesn't have to get an instruction from an agency to do that or from a contracting officer to do that. So if they had said, do A, B, and C, but don't violate someone's civil rights, that doesn't mean that they're allowed to violate civil rights. The basic full position is that all private contractors are required to abide by federal law in any contract. And in fact, your honors, the federal acquisition regulation specifically requires that and forbids contracting officers from making... Does a private contracting agency ever step into the shoes of the government? Your honor, it does. If you're talking about... Why is that not here? That is not here, your honor, because the time that it steps in the shoes of the government is when they're directed to act in violation of state law, not federal law. And that's what the Earsley case is about. The Earsley case was a case which Justice Scalia and the Boyle... If the federal government directs, this maybe wasn't a great argument, but if the federal government contracts with a party to do an act for them, if in doing that act they violate state law, does the supremacy clause say that's not a violation that we address? What the Supreme Court has ruled is... It's not the supremacy clause, your honor. What the Supreme Court has ruled is... And you said, what about the supremacy clause? I said the supremacy... I don't think that implicates the supremacy clause, your honor. I'm asking you, does it? I don't think it does. Why wouldn't that be that the federal government is taking an action that violates state law? Why isn't that supremacy? Well, I think that it's not because the supremacy clause is about a statute or regulation that's issued by the federal government vis-a-vis state law or state action. This would be an action of a contracting officer or an agency without any statute or regulation behind them. I don't know that... I don't know the supremacy clause is that limited. Well, it may be broader, but in any event, the supremacy clause does not apply where you're talking about an agency telling a contractor to violate federal law. A federal agency can't, in and of itself... Let me ask this. What if... And you think the federal law was violated here? Yes, I do. Not state law. Not state law, federal law, your honor. Well, there were state laws violated also, but we're not... We didn't bring an action... Then we won't need to talk about that. Okay. What in our case, NRA KBR, preclude your argument? Well, again, your honor, NRA KBR was a case where the plaintiffs were talking about violations of state law, not federal law. And federal law. I'm sorry? And federal law. I don't believe that that was the... I don't believe that was the case in KBR, your honors, and I don't believe in what happened in KBR is that this court remanded it to the district court to make a determination about whether it usually applied. I don't believe it's about federal law, but even if it was, this court never was faced with... Nobody argued, as far as I'm aware, and the court did not discuss whether it usually applies to federal law. And it can't, your honor, because the Yearsley case itself presupposes that there was an authorization from Congress to do the actual act which the defendant... Which the plaintiff is claiming where the defendant violated the federal... The state law. Here, there is no such direction. They told them to make a call. They told them to do it with an auto dialer. They never said don't get consent. And again, that does not satisfy Yearsley, but Yearsley was only about state law. KBR, I believe, was only about state law. And it doesn't make sense from a separation of power standpoint, your honor, that a federal agency contracting officer can, based on his or her own determination of what the federal interest is, overpower the federal interest that's been expressed in a federal law. But if that agent, the federal employee itself, had done this, would they have been insulated? No, they wouldn't have, your honor. An individual federal employee could have been sued. In fact, the Federal Tort Claims Act provides that individual that there is no immunity to a federal... Wait a second. Isn't there some kind of safe harbor protection in that act you're talking about for the government? There is a safe... The government, the quad government has sovereign immunity. Well, let me ask you. Who the heck acts for the government if it's not a person? Your honor, the case... I know we like to talk about the government. Government's made up of people. Somebody has to make that call for the government. You're saying that if it's a government employee, that they would be just as liable as the contracting folks here? That's what the Federal Tort Claims Act says, your honor. It says that an individual... No, it doesn't say that. It doesn't say, you're making a claim. Oh, maybe they can be sued. But you're saying that if there's a carve-out protection, that this doesn't apply to the federal government in a statute. And the federal employee carries out action that would otherwise be illegal. They aren't liable in tort. We don't have any carve-out here for the federal government, your honor. All we have... The only argument they're making... They're not making an argument about any carve-out. They're making an argument that there's sovereign immunity. And whenever there's sovereign immunity, you can still sue the individual officer under the Federal Tort Claims Act, which says that an individual officer shall be liable for violations... You know what the Federal Tort Claims Act says? So there's no carve-out here, your honor. There's just no carve-out. That's the problem. Had there been a carve-out, that might have been a different situation. Would the government not call these... Wasn't this call about the insurance program called to constituents? Isn't that what these calls are about, or did I have that wrong? These calls were about signing up for health insurance plans run by private health insurers. That would be the answer would be yes, your honor. These are calls about insurance. Yes, they are, your honor. They're calls about insurance. And nobody in the government could do that under the law? A government employee couldn't do that? Not without getting prior informed consent? No, your honor. They would be individually liable. The cases are 100% clear on that. So the government then couldn't call? Nobody could call these people to explain the insurance? No, your honor. They would have to get... They can, but they have to get consent. Without the consent? Without the express consent? They could not use a robocall? No, they could not, your honor. And that's what the statute says, and that's what the FTCA says in terms of individual liability. You changed your argument, man. I said, could no federal employee call people about the insurance issue? They couldn't call them under the law? They could call them without a robocall, without advertising, without advertising. Yes. Well, that's not what you just said. I'm sorry. You said without consent. So there could be a program under which federal employees could call people and tell them about insurance. Well, you're the one who suggested that it couldn't be. I'm sorry, your honor. I wasn't being precise. You're absolutely correct. But you're saying that the robocalls, your argument is robocalls couldn't be used by the government or a private individual. Right. Without prior consent, there'd be no lawsuit against the federal government government. There could be a lawsuit against individual federal government employee in their individual capacity. And so... Why are you saying there could be no lawsuit against the government as the government? What do you mean? I mean, you couldn't sue them for damages because of sovereign immunity. You might be able to get some sort of injunction, but you can't get damages. So, but the individual employee is subject to, it would be subject to damages. Your honors, moving beyond the Yearsley argument, the contract itself specifically requires the defendant to follow federal law. I mean, it says in there that they must, they must, they must have a program where they make sure that federal statutes and regulations are abided by, and they must have an enforcement mechanism to make sure that they're abided by. And yet here, they basically violated the TCPA, which is a federal law. Your honor, another thing is the defendant under the cases of Velasco and Merrill from the Supreme Court and Velasco from this court, the defendant had an affirmative obligation to determine whether the federal agency had the authority to authorize these actions. And it didn't do it. GDIT simply did not do it. And in fact, as I was saying before, the Federal Acquisition Regulation 48 CFR 1.602-1B specifically restricts the power of contracting officers by saying no contract shall be entered into unless the contracting officer ensures that all requirements of law, executive orders, regulations, and all other applicable procedures have been met. So obviously, the contracting officer doesn't have the authority to tell a private contractor to violate federal law. I see that my time is running out, I'll reserve the rest for rebuttal. Thank you. Happily. May it please the court, James P. Rohanda, Davis Polk and Wardwell, along with Neil McBride of KBR. This involves a straightforward application of the Yersley Doctrine. That doctrine is alive and well, and it has a two-part test. That two-part test, as this court recognized in KBR, which is on point here, is did Congress act within its constitutional powers? And then did the contractor do what the government instructed? Was it authorized, or did it act outside its authorization? The first prong, was it constitutional? There really was no serious argument made below that this was unconstitutional conduct to make a phone call, or unconstitutional to pass the Affordable Care Act, or to designate HHS or CMS as the agency to implement. Yes, there was an argument at one point that passed the Affordable Care Act was constitutional. Yes, that was pretty hotly contested, but you don't think it matters here. Yes, that's correct. I agree. The second prong relates to whether GDIT, General Dynamics, followed the contract. Here's what the court below said. Plaintiff's factual discovery has firmly established that both of these elements, referred to the two prongs of Yersley, have been satisfied. The second prong, whether the contract was followed, is based solely on factual findings. So they followed it to a T. Yes, exactly. And that there was nothing to draw into question, that they followed it to the T and did exactly what was required. The factual findings that were in the initial order, before additional discovery was granted, were supplemented by the memorandum of opinion. So if you look at what the factual findings are, we would say, look at the order as supplemented by the memorandum of opinion. Those factual findings, it's a clear error standard. The court below had the full factual record. There was fulsome discovery. The court found, if we look at the order below, that Cunningham provided his phone number to CMS. That is in the record. It's referred to that he understood, he signed and agreed to the privacy policy and supplied his phone number. There's certainly no evidence that he didn't consent. The only argument here made in the appeal briefs, on pages 10 and 43 of the brief, is that the plaintiff appellant says that he alleged in the complaint he did not consent. To go back and look at the complaint, and that's in 87 pages of briefing, that's it. He says twice, I alleged I didn't consent. But the court, and he says the court had to accept that as true. But there was discovery, and he did not present facts, at least not successfully. These arguments about consent are therefore really sort of just a red herring. Well, your opponent says this issue is not appropriately before us, because they've not been allowed discovery on the issue. Well, there was fulsome discovery on the issue, and plenty of discovery relevant to the issues. I don't think he took issue with and said I'm not getting additional discovery. As I understand it, the discovery that was requested was granted. Instead, what he's doing here, and what he's done in his briefs, is made what Judge O'Grady called creative legal arguments. There's no question that KBR, Yearsley really controlled here, and Campbell Ewald. So he makes creative legal arguments, and the first one is this one that he spent most of his time on, which was that the government can't authorize or compel someone to violate federal law. His argument is contrary to clear Supreme Court authority, the Campbell Ewald case. There, in fact, the plaintiff made the same argument, and argued that Yearsley, quoting from their brief, Yearsley cannot support derivative sovereign immunity for a contractor who violates an act of Congress. Nonetheless, the Supreme Court applied Yearsley to a TCPA claim, the exact statute at issue here, and there would have been no point in that analysis if what Mr. Bellin says and the plaintiff appellant says is true, that one cannot authorize, quote, or that Yearsley does not permit one to, quote, violate federal law. But just stepping back, whether there was a violation of federal law is not a question that the trial court should address. The question is, it really does put the cart before the horse, because the whole point of immunity is you don't get to the merits as to whether there was an underlying violation. You only need to satisfy the two-prong test, and that makes complete sense. Yearsley would really never apply if you were going to go to the merits and determine whether there was a state or a federal violation, and therefore, under his test, be deprived of Yearsley immunity, the doctrine would go out of existence. Tell me how it is that your client could make the calls as they did. They were told, they were given a list of phone numbers on December 1, 2015, of 680,000 people and told to call those people the next day on December 2 with an exact script. I know that, but that's just factual. I'm saying legally, I'm asking legally. Would a federal employee making these calls be exempt from the lawsuit? Absolutely. The TCPA does not bind the federal government. We disagree. That's what I was asking. We absolutely disagree because it restricts what a person can do. And if you open the U.S. Code and go to the very first chapter, the very first section, it defines what a person is. It's not defined to include the federal government. But it doesn't expressly include the federal government. You just say by terms of definitions, it's not included. And I think that's correct, Your Honor, and I think that's traditional. I think it's generally been true that they've got a sweet... I'm not arguing with you. I mean, we'll see where it comes out, but I'm just trying to piece together your argument so that I can follow it. So you say the federal government is not restricted by this act because they aren't covered by it, correct? That's correct. So then your next step is you look to the delegation to a private party. It may not be called delegation, but that's what it is. And now explain to me why the delegation in this case is fine. The delegation is fine because Judge O'Grady found that what was delegated was done exactly as instructed, and that's all that usually requires. If the federal government can do the act, and they clearly can, and there's evidence that, in fact, consent was obtained even though the government didn't have to obtain it... I want to go back to that consent in just a little bit. Leave that aside. Okay. So if the federal government can do it, they certainly, certainly this court in the you need to be able, the federal government has to delegate its responsibilities. It can't simply exist without having some contractors, whether they be military contractors helping troops in Iraq or making phone calls. You don't have to add all that. I'm just getting you to walk through your case. Yeah. So you're saying, now let me ask this, hypothetically, could that agent, government contract for a private individual to violate the law? No, that's not the question here. It's my question. I know. It's my question. Yeah. I understand. Could they contract on the face of the contracting authority, the contractor, to violate the law? I think they could. They would be taking on the responsibility. The government then would have that responsibility. Because what they can't do is have the private contractor act unconstitutionally. They can't authorize, they can't go beyond their constitutional powers. But they can authorize the act. Don't they go beyond their constitutional powers or you think it's something less than constitutional powers? If they tell somebody to do something that the government can't do, in other words, they tell them to instruct people, they can come get funding, which funding does not authorize those circumstances. Right. I think the contractor would... Here's the point. A government agent cannot in any way stop the government. So a person telling you what the program is, even if they absolutely agree they told you that you'll get coverage for dental and vision, you don't get coverage for dental and vision unless Congress authorized that. Are you with me on that? Yeah. What would happen then if the contracting document said, tell them all kinds of things that aren't true? We want you to. Would the private person who received the contract be insulated? Well, the private... Yes, the responsibility if there is one would be borne by the federal government. If the contractor acts unconstitutionally, they would be deprived... Unconstitutionally in what regard? Violates somebody's constitutional rights. Not violates the federal statute or state court law, but violates constitutional rights. You could say, well, Congress wouldn't have authorized that, couldn't have authorized that, that's an unconstitutional act. But the point of immunity is we're not going to get into whether or not the federal law or the state law was violated. We're going to let the contractor step into the shoes of the federal government, as in this case, the federal government not bound, not required to get consent. And the contractor doing exactly as told is entitled to that derivative sovereignty. Is there any claim in this case that there was an express provision in the contracting document that required your company to do something that looked illegal or unconstitutional? Not at all. Nothing. Is this... You heard me ask the question about an explicit provision or implicit provision. Is the argument... Do you think their argument is that there's nothing expressly in the contracting documents, but everybody should understand implicitly that they're covered by other statutes and you have to follow other statutes? Is that what their argument is? Yes. It's at least a variant. It may be exactly that, but I read it as a slight variant of that, which is that they're saying they were not entitled to the usually immunity because the contract didn't say don't get consent. This is a whole... You could drive a truck through it, which is usually only requires the contractor to do what they're told, not some alternate or alternative set of instructions. One can imagine the mischief that somebody would come up with and say, well, you didn't tell them to make the calls at a certain volume. If they weren't told, as they were in this case, to make the calls at a certain time, I'm sure he could argue, nobody said what time to make the calls. That act is not authorized. That's not... And that's what you're seeking immunity for, but just redefining the act to include things that were done. But nobody would... That standard would be very, very difficult and it would eliminate the requirement because somebody would come... Build the road. Well, you put the dirt that you excavated on the left-hand side instead of the right-hand side. You're not immune from that. The contract didn't tell you to put it on the left-hand side. It's a complete red herring, I think, and really contrary to the standard. Did the judge find there was consent here? Did the judge find that Mr. Cunningham, I think that's his name, yes, had consented? Well, what he found... If you would answer yes or no, that would be... Yes, I believe he did. And 254 of his original order, which he said was supplemented. I'm not doding you. I just don't remember that. Yeah, he said when Mr. Cunningham began his application, he certified that he read and agreed to these privacy policies. The privacy policies say that they can collect information and use the mobile phone number to provide one with information and that he provided his mobile phone number. And then when the... Then there was additional discovery and the court said, well, I'm not going to repeat what I said before, but there's some additional factual arguments that we're looking at. So yes, I think that the court did find that, but you don't need to reach that issue here. Well, I didn't know that, but you sure kept saying it. Yeah, it was... You brought it up three or four times. But the argument is even absent that finding, we would still prevail because the federal government... I know that, but I want to make this clear. The reason I'm asking you about it now is remember a little while ago, I told you to put that aside after you mentioned it, I think, for the third time. I'm now, as I told you, I'm circling back to it, but I didn't raise that. You raised it, but you just raised it, I guess, to say we had it just as a matter in case you care about that court, but you don't need it in this case. Absolutely, Your Honor. Correct. It also makes the argument that with respect to this federal law point, I just wanted to come back to one additional point, which is if one were to say, well, you have to go into an analysis as to whether federal law was violated in order to determine whether to apply yearsly, that would, in fact, be adding a third prong to yearsly. It's not part of the analysis, and it's never been part of the analysis. The only legal question is a constitutional question. One question, then. It strikes me that maybe the law hadn't addressed this yet, but it strikes me as hard to believe that a federal officer, I'm not saying we have it in this case, but it just strikes me that it's very hard to believe that a federal officer could contract in that document for something that is clearly illegal and tell someone to do that, that person, knowing it's illegal, could do it with complete impunity. That strikes me as hard to believe. Your Honor, I know I'm instructed to answer the hypothetical, and I'll answer that hypothetical. Perhaps I misunderstood. I mean, if you affirmatively say do violate the law, that's a different question than interpreting the statute to say do this act, and everybody understands what I mean. Well, I think then you'd have a little bit of an argument over did that provision explicitly authorize you or instruct you to violate? But we don't have that. We don't have that. We have do the act, and then he wants to ask the question under federal law. So I do want to just touch on this Boyle issue because there's an attempt here to muddy the doctrine. No ill intent intended, but Boyle did not displace Earsley. They haven't been synthesized. It's a preemption defense based on that preempt state court law. Earsley is immunity for acts directed by the government, and the Supreme Court didn't displace Earsley with Boyle, and in Campbell v. Wald, again, that same argument was made. It was made in Boyle supplanted Earsley, and Earsley is a preemption defense only against state law claims but not federal claims, and that was rejected. The court certainly did not accept that. KBR is very clear on this point, footnote 6. It says that Boyle, even though it does a Boyle analysis on a different argument being made, footnote 6, it says Boyle is an apposite to a claim of Earsley immunity, and there's also no reason to really conflate the two. They deal with different conduct. And then, Lee, I just want to touch on this jurisdictional point. Actually, two quick points. One is there's this argument that the contract required the appellant to enter into a corporate compliance program, and GDIT did have a corporate compliance program. That is not the same thing as saying comply with all laws. One knows how to write in the contract, and certainly the government does comply with all laws. Setting up a corporate compliance program, that's really a red herring, and the fact that they had one really kind of moots that point. And the final point I'll make is that Earsley is, in fact, jurisdictional. The appellant argues that dismissal for lack of jurisdiction is error, but that's incorrect, but it's also irrelevant in this case, because when Earsley applies, as KBR said, the contractor is, quote, not subject to suit. And here, that's why it's incorrect. It's so irrelevant, because there's no difference in the standard in considering a 12B1 motion where there's discovery and motion for summary judgment, and the Fourth Circuit has said that before. Here, there was 75 days of discovery. Granted, there was a full and fair opportunity, and the court said and found that the evidence here would support summary judgment as well. So although we believe this circuit is absolutely correct, there are some other circuits have, as Judge O'Grady noted, there are some other circuits have said, no, it's not jurisdictional. We think it is. It's consistent with longstanding Fourth Circuit precedent, but in any event, there's really no reason to reach that in this case, because the summary judgment finding was ordered by the record in the evidence. Thank you. Thank you. Mr. Belin. Thank you, Your Honors. The defendant just admitted that there was no direction to them whatsoever in the contract or any other way to make calls without getting consent. That is the sine qua non of the Yearsley defense. The Yearsley defense requires that the government specifically authorize the acts made by the defendant that are being sued upon. He just admitted that they never got that. If they didn't get that, then Yearsley simply does not apply. As this court said in KBR, the fact that a contractor is working under the general theme or umbrella of a contract to do work doesn't mean that it protects the contractor from that specific act that they did if they were not directed by the federal government to do it. And they never were here. And they admit it. If they weren't directed to do it that way, then the fail-safe fallback position is that federal law applies. Otherwise, what they're saying is, unless the contracting officer puts in every contract, all the federal laws that you're required to abide by, therefore, the contractor has immunity. That is simply not the law. It cannot be that the Supreme Court has held clearly that a contract that contains an illegal term is not enforceable, even a government contract. It can't be if it's not enforceable that it also provides immunity to the defendant. But there is no such provision here, Your Honor. If there is no such provision, Yearsley simply does not apply. To follow along with their argument, if you accept the argument of the defendant here, that would mean that if the CMS had told GDIT, you're only allowed to hire people of a certain race to make calls. That was a hypothetical I was edging toward. That's correct. If they specifically said you can only hire people of a certain race and GDIT, hey, Title VII says you can't do that, but the government contracting officer said we could. We're immune. Of course that's not the law. In fact, Your Honor, It's also an unconstitutional delegation, not necessarily a statutory violation. I don't know that it's an unconstitutional delegation, Your Honor. The federal government couldn't, are you saying because the federal government couldn't be a violation of the Yearsley approach, everything has to be constitutional, constitutional delegation, but not necessarily a statutory scheme doesn't count in a Yearsley analysis. Well then I actually, Your Honor, let me give another hypothetical. The government wants to get, wants to do some collections, and the government hires a private collections firm to do collections, and they've done that. There are cases like this. The Bednarski case was a case that involved a private contractor hired by the federal government to make collections. The federal government says we want you to call every person that owes us money no less than 50 times a day, even if they tell you that you're not supposed to call them. That violates the FDCPA. It's clear. Under their logic, because the federal government said, told them they need to call 50 times a day, then the private contractor is not liable. That doesn't make any sense. Now, the hypothetical here, the hypothetical that's more closely related to here would be, the federal government says we want you to call up these 100 people in the next week, and we want you to collect those funds from them. That's all the federal government says. And then the contractor goes forward and says, you know what, the only way I'm going to be able to collect from 100 people in this short period of time is by calling them 50, 60, 70 times a day, by threatening them on the phone and saying that we're going to start lawsuits against you, even though we know have no basis for a lawsuit. Those would be violations of the FDCPA. Under their theory, because the government never said, you have to follow the FDCPA. You have to follow that statute. Under their theory, that contractor would be immune. That can't be what the law is. Federal, individual federal employees under Section 1983 are not even given that type of immunity. The 11th Circuit in the McMahon case said that it can't be the law, right, that a federal, that a federal prison guard would have qualified immunity, but that a contractor's prison guard would have complete immunity. That makes no sense. How could you have a federal government, the Federal Tort Claims Act says you can sue the individual federal officer for violating a Is the federal government covered by the statute? The answer is no, your honor, only because of sovereign immunity. There's no, this is a jurisdictional determination. They're bringing in merits things that you can't argue about whether, if they're saying it's not true, if they're saying this is, that you're allowed to decide on everything. If it's a jurisdictional case, you can't talk about the merits of whether the federal government is bound by it or not. Our position is that it's not jurisdictional. Our position is that you can decide it, and the Supreme Court in the Campbell-Ewald case actually made a determination that the defendants there had, the plaintiffs had sufficiently alleged a violation of federal law. So this notion that it's jurisdictional is simply not the case. This court never held that it was jurisdictional. It was not faced with that question, and by the way, in the Campbell-Ewald case, the Supreme Court never addressed the question of whether the defense, the years of defense applies to federal law, and it didn't need to address that because it said no matter what, the defendant had violated federal law. So it never reached that issue. There's no authority binding whatsoever, and the issue of whether Mike Klein consented is not an appropriate thing to decide on a lack of subject matter jurisdiction. And summary judgment would have been inappropriate here. We had no chance to do any discovery on that issue. Thank you, Your Honors.
judges: William B. Traxler, Jr., Dennis W. Shedd, Henry F. Floyd